UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:20CR7-PPS |
| | ) | |
| LORENZO JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

## COURT'S FINAL JURY INSTRUCTIONS and VERDICT FORM

INSTRUCTION NO. 1

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.  You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

INSTRUCTION NO. 2

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

Count 1 of the Indictment charges that, on or about October 19, 2019, the defendant conspired with Kelsie Leilyn Gauler to produce child pornography.

Count 2 of the Indictment charges that, on or about October 16, 2019, the defendant conspired with Jasmine Stanley to produce child pornography.

Count 3 of the Indictment charges that, on or about September 3, 2019, the defendant conspired with Dominique Harper to produce child pornography.

Count 4 of the Indictment charges that, between on or about July 29, 2019, and December 17, 2019, the defendant distributed child pornography.

Count 5 of the Indictment charges that the defendant knowingly possessed a firearm, knowing that he had previously been convicted of a crime punishable by more than one year in prison.

The defendant has pled not guilty to the charges.

The Indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

INSTRUCTION NO. 3

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

# INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The parties' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The parties' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

INSTRUCTION NO. 5

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

INSTRUCTION NO. 6

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

INSTRUCTION NO. 7

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

INSTRUCTION NO. 8

A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.

INSTRUCTION NO. 9

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness's demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent statements or conduct by the witness.

INSTRUCTION NO. 10

It is proper for an attorney to interview any witness in preparation for trial.

INSTRUCTION NO. 11

You have heard testimony from Jasmine Stanley, who stated that she was involved in one of the crimes defendant is charged with committing. Stanley also testified that she has been charged with crimes based on that conduct, and hopes to receive a sentencing benefit because she testified in this case.

You have heard testimony from Dominique Harper, who stated that she was involved in one of the crimes defendant is charged with committing. Harper also testified that she has been charged with crimes based on that conduct, has entered into a plea agreement including an agreement to cooperate with the government, and that she hopes to receive a sentencing benefit because she testified in this case. You may not consider Harper's guilty plea as evidence against the defendant.

You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.

INSTRUCTION NO. 12

You have heard testimony and received evidence that the defendant made statements to the FBI. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

INSTRUCTION NO. 13

You have received evidence that the defendant has previously been convicted of a crime other than one charged in the indictment. You may consider this evidence only in deciding, as to Count 5, whether the defendant had previously been convicted of a felony and was aware of that conviction at the time he is charged with having possessed a firearm. You may not consider the prior conviction for any other purpose. Keep in mind that the defendant is on trial here for the charges specified in the indictment, not for any other crime. You may not assume that, because the defendant committed a crime in the past, he is more likely to have committed the acts charged in the indictment.

INSTRUCTION NO. 14

You have heard testimony of one or more identifications of a person. Identification testimony is an expression of the witness's belief or impression. In evaluating this testimony, you should consider the opportunity the witness had to observe the person at the time of the offense and to make a reliable identification later. You should also consider the circumstances under which the witness later made the identification.

The government must prove beyond a reasonable doubt that the defendant is the person who committed each crime that is charged.

INSTRUCTION NO. 15

You have heard witnesses, namely Matthew Barr and Michael Paoletti, who gave opinions and testimony about how IP addresses and cookies work and the extraction of electronic data from cell phones. You do not have to accept these witnesses' testimony or opinions. You should judge these witnesses' opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witnesses' qualifications, how each witness reached his conclusions, and the factors I have described for determining the believability of testimony.

INSTRUCTION NO. 16

You have seen several video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

If requested, I will provide you with a device and instructions on its use for playing the recordings. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

INSTRUCTION NO. 17

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

INSTRUCTION NO. 18

You have heard evidence obtained from the government's use of informants and deceptive investigative techniques. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

INSTRUCTION NO. 19

Counts 1, 2 and 3 of the Indictment charge the defendant with conspiracy to produce child pornography with Kelsie Gauler, Jasmine Stanley and Dominique Harper, respectively. In order for you to find the defendant guilty of each of these charges, the government must prove both of the following elements, as to each count, beyond a reasonable doubt:

1. The conspiracy existed; and

2. The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy.

You should consider each count, and each conspiracy, separately. The elements of the crimes the defendant is alleged to have conspired to commit are described in instructions to follow.

A conspiracy is an express or implied agreement between two or more persons to commit a crime. A conspiracy may be proven even if its goal was not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

In deciding whether the defendant joined the charged conspiracy, you must base your decision only on what the defendant did or said. To determine what the defendant did or said, you may consider the defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt for the charge you are considering, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt for the charge you are considering, then you should find the defendant not guilty.

INSTRUCTION NO. 20

The crime of conspiracy to produce child pornography is different from the crime of producing child pornography. However, to help you decide whether a defendant conspired to produce child pornography as charged in Counts 1, 2 and 3 of the Indictment, you should consider the following elements of the crime of production of child pornography:

1. At the time, the minor victim identified in the Indictment as being depicted was under the age of eighteen years; and

2. The defendant, for the purpose of producing a visual depiction of such conduct, conspired to employ, use, persuade, induce, entice or coerce the minor victim depicted to take part in sexually explicit conduct; and

3. The visual depiction was produced and/or transmitted using materials that had been transported across state lines *or* the visual depiction was transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

I instruct you that the internet is a means or facility of interstate and foreign commerce.

INSTRUCTION NO. 21

Count 4 of the Indictment charges the defendant with Distribution of Child Pornography. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly distributed a visual depiction using a means or facility of interstate or foreign commerce;

2. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3. Such visual depiction is of a minor engaged in sexually explicit conduct;

4. The defendant knew that such visual depiction was of sexually explicit conduct; and

5. The defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count 4.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of Count 4.

# INSTRUCTION NO. 22

Let me explain what I mean by some of the terms I just read:

- "Minor" means any person under the age of eighteen (18) years.

- A "visual depiction" includes data that has been stored on computer disk or data that has been stored by electronic means and that is capable of conversion into a visual image.

- A minor is "used" to produce a visual depiction of sexually explicit conduct if the minor serves as a subject of the depiction.

- "Sexually explicit conduct" includes actual or simulated –
  (1) masturbation;
  (2) lascivious exhibition of the genitals or pubic area of any person.

- In order to determine whether a visual depiction is a "lascivious exhibition" of the genitals or pubic area, you must consider the overall content and context of the visual depiction, while taking into account the age of the child depicted. In considering the overall content and context of the image, you may, but are not required to, consider the following factors:

  1. Whether the focal point of the visual depiction is on the child's genitals or pubic area;
  2. Whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity.
  3. Whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
  4. Whether the child is fully or partially clothed, or nude;
  5. Whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
  6. Whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

  It is not necessary that the images be intended or designed to elicit a sexual response in the average viewer, and you may consider whether the visual depictions would appeal to persons who are sexually attracted to children. Visual depiction need not involve all of these factors to be a lascivious exhibition, and it is for you to decide the weight or lack of weight to be given to any of these factors.

- "Distribution" simply means to deliver or transfer possession to someone else, with or without any financial interest in the transaction.

- "Interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia. "Commerce" includes, among other things, travel, trade, transportation and communication.

  Images transmitted or received over the Internet have moved in interstate commerce. It is for you to determine, however, if a visual depiction had been transmitted or received over the Internet.

# INSTRUCTION NO. 23

Count 5 of the indictment charges Defendant Johnson with being a Felon in Possession of a Weapon on or about December 17, 2019 in violation of 18 United States Code, Section 922(g)(1).

In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly possessed a firearm; and

2. At the time of the possession, the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

3. At the time of the possession, the defendant knew he had been convicted of a crime punishable by imprisonment for more than one year; and

4. The defendant's possession of the firearm was in or affecting commerce.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. 24

A person possesses an object if he knowingly has the ability and intention to exercise control over the object, either directly or through others. A person may possess an object even if he is not in physical contact with it and even if he does not own it.

INSTRUCTION NO. 25

The indictment charges that the crimes happened "on or about" certain dates.

The government must prove that the crimes happened reasonably close to the dates.

The government is not required to prove that the crimes happened on those exact dates.

INSTRUCTION NO. 26

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

INSTRUCTION NO. 27

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

INSTRUCTION NO. 28

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

INSTRUCTION NO. 29

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by cell phone, computer, text messaging, or any other method of communicating over the Internet.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or

whatever your vote happens to be.

INSTRUCTION NO. 30

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. The foreperson will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

INSTRUCTION NO. 31

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20CR7-PPS |
| | ) | |
| LORENZO JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**VERDICT FORM**

On Count 1 of the indictment, charging the defendant Lorenzo Johnson with conspiring with Kelsie Leilyn Gauler to produce child pornography, we the jury unanimously find the defendant Lorenzo Johnson:

[*check one*] Not Guilty _____     Guilty _____.


On Count 2 of the indictment, charging the defendant Lorenzo Johnson with conspiring with Jasmine A. Stanley to produce child pornography, we the jury unanimously find the defendant Lorenzo Johnson:

[*check one*] Not Guilty _____     Guilty _____.


On Count 3 of the indictment, charging the defendant Lorenzo Johnson with conspiring with Dominique Harper to produce child pornography, we the jury unanimously find the defendant Lorenzo Johnson:

[*check one*] Not Guilty _____     Guilty _____.

On Count 4 of the indictment, charging the defendant Lorenzo Johnson with distribution of child pornography, we the jury unanimously find the defendant Lorenzo Johnson:

[*check one*] Not Guilty _____    Guilty _____.

On Count 5 of the indictment, charging the defendant Lorenzo Johnson with being a felon in possession of a firearm, we the jury unanimously find the defendant Lorenzo Johnson:

[*check one*] Not Guilty _____    Guilty _____.

Foreperson _____    Date _____.

Juror _____    Date _____.

Juror _____    Date _____.

Juror _____    Date _____.

Juror _____    Date _____.

Juror _____    Date _____.

Juror _____    Date _____.

Verdict Form – Page 3

Juror _____    Date _____.

Juror _____    Date _____.

Juror _____    Date _____.

Juror _____    Date _____.

Juror _____    Date _____.